UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 93-00597-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

OSCAR CUNI,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR INVESTIGATION**

This matter is before the Court upon Defendant Oscar Cuni's Motion to Investigate (DE # 1824), and various supplemental memoranda. The Motion has been referred to the undersigned Magistrate Judge (DE #1827). For the following reasons, the undersigned recommends that Defendant's Motion to Investigate be dismissed for lack of jurisdiction.

**I. BACKGROUND**

On December 15, 1994, following a jury trial, Defendant Oscar Cuni was convicted of various drug related offenses, including conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. On May 24, 1995, Mr. Cuni was sentenced to life imprisonment. Mr. Cuni's conviction and sentence were upheld on appeal by the Eleventh Circuit Court of Appeals on October 20, 2001. *United States v. Novaton*, 271 F. 3d 968 (11th Cir. 2001). Mr. Cuni's *pro se* writ of certiorari to the Supreme Court of the United States was denied on November 18, 2002. *Cuni v. United States,* 537 U.S. 1031 (2002).

On November 24, 2003, Defendant Cuni filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 which was denied by the district court as untimely. *See*

Case No. 03-23083-CIV-KMM.  Defendant then filed several other motions in that matter, including at least two motions pursuant to Fed.R.Civ.P. 60(b)(4) related to the denial of his § 2255 Motion, all of which were denied by the district court as well.

On September 14, 2004, Defendant Cuni filed another Motion to Vacate pursuant 28 U.S.C. § 2255, which was deemed a successive motion and was dismissed by the District Judge for Mr. Cuni's failure to obtain authorization from the Eleventh Circuit Court of Appeals prior to filing the motion.  See Case No. 04-22309-CIV-KMM.

On June 7, 2005, Defendant Cuni filed a Rule 60(b) Motion that was characterized by the District Judge as a Motion to Vacate pursuant to 28 U.S.C. § 2255, and which was also dismissed by the court as a successive petition. See Case No., 05-21562-CIV-KMM.

On July 27, 2007, Defendant filed a Writ of Mandamus that was treated by the District Judge as another successive Motion to Vacate.  That case was dismissed due to Mr. Cuni's failure to obtain permission from the Eleventh Circuit Court of Appeals to file a successive petition, and because the Court concluded that a Writ of Mandamus was an improper procedural tool for Mr. Cuni to collaterally attack his conviction. See Case No. 07-21933-CIV-JORDAN.

Defendant has now filed the instant motion seeking to have the District Court initiate an investigation into his case due to the alleged use of falsified information by the government, and specifically by Special Agent Lee Michael Lucas of the Drug Enforcement Administration ("DEA"), in obtaining Mr. Cuni's conviction (DE #1824).  Mr. Cuni asserts that DEA Special Agent Lucas presented false and fraudulent information in the affidavit that served as the basis for the wiretap that was issued to intercept conversations on two of Mr. Cuni's cell phones during the course of the investigation which led to his 1993 conviction.

Specifically, Mr. Cuni asserts Special Agent Lucas, *inter alia*, altered the information given by an FBI informant and other witnesses by changing the dates and replacing the name of another person with Mr. Cuni's name, in drafting three affidavits used in support of the wire tap application. According to Mr. Cuni, the three people who allegedly provided the information contained in the affidavits denied in court that they made the incriminating statements against Mr. Cuni contained in the affidavits. Mr. Cuni argues that all of these actions were done in violation of his Fourth Amendment rights.

In support of his Motion, Mr. Cuni filed supplemental materials consisting primarily of copies of newspaper articles regarding a recent indictment against Special Agent Lucas in Ohio for making false statements in the course of a criminal investigation in violation of people's civil rights (DE # 1830).

## II. LAW AND ANALYSIS

At the outset, the undersigned is mindful that because the movant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority for relief even though none may be identified. *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir.1990), *cert. denied*, 499 U.S. 979 (1991). Thus, the court will examine Mr. Cuni's Motion to Investigate under the appropriate avenues of relief potentially available to him notwithstanding the style of his motion.

### A. The Court's Inherent Powers

Mr. Cuni requests that the Court invoke its inherent powers to initiate an investigation into the alleged fabrications of Special Agent Lucas which resulted in Mr. Cuni's conviction. Federal courts have, as part of their inherent powers, the right to

conduct independent investigations in order to determine whether a judgment has been procured through fraud upon the court. *Chambers v. NASCO*, 501 U.S. 32 (1991). Although these inherent powers have been applied in civil and criminal contexts, they may be limited in post-conviction challenges to the extent they run afoul of the Federal Rules of Criminal Procedure, see *Carlisle v. United States*, 517 U.S. 416 (1966) and in the §2255 context, may be subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") restrictions.  *United States v. Barrett*, 178 F.3d 34, 55 n.18 (1st Cir. 1999) (noting that same rationale for imposing AEDPA limitations to coram nobis actions applies to court's inherent powers).  In this matter, it is clear that although Mr. Cuni requests the court to conduct an investigation into the alleged fraud perpetrated against the court, Mr. Cuni is actually challenging the validity of his underlying criminal conviction.  Accordingly, the statutory and procedural rules related to criminal convictions and challenges thereto, apply to the instant Motion.  *United States v. Scott*, 313 F.3d 8915 (7th Cir. 2005) (applying limitations of successive petitions to motion seeking grand jury records where records were sought to undermine validity of criminal conviction).  With this framework in mind, the possible bases for relief are discussed below.

    B.  <u>Motion to Vacate, 28 U.S.C. § 2255</u>

As mentioned above, the instant Motion to Investigate is in essence a collateral attack on Mr. Cuni's conviction and thus is actually a motion to vacate pursuant of 28 U.S.C. § 2255.  Indeed, although Mr. Cuni requests that the court initiate an investigation, the heart of his claim seeks to have his conviction set aside due to alleged fraudulent statements contained in the wiretap applications that Mr. Cuni asserts violated his Fourth Amendment rights.

Since Mr. Cuni has already filed several motions to vacate pursuant to § 2255, all of which have been denied, the Motion is procedurally barred as a successive motion which requires Mr. Cuni to obtain approval from the Eleventh Circuit as required by 28 U.S.C. §§ 2255(h) and 2244 prior to filing the instant motion.  Without obtaining such permission, this court is without jurisdiction to entertain another § 2255 motion.

In addition, the Defendant's Motion is time barred by AEDPA which imposes a one year statue of limitations for filing a § 2255 motion from the date on which the judgment of conviction becomes final, or when certain other dates that are not applicable to this action occur.  *Outler v. U.S.,* 485 F. 3d 1273, 1278 (11th Cir. 2007).  In this case, it is undisputed that Mr. Cuni's petition for certiorari to the Supreme Court of his appeal of his conviction and sentence was denied in 2002, and the instant Motion was not filed until 2008.  Thus, the motion is barred by the one-year AEDPA statute of limitations.

Finally, the specific issues raised by Mr. Cuni in the Motion at bar were previously addressed at several stages of the proceedings, including in his direct appeal of his criminal conviction.  In that appeal, among other things, Mr. Cuni asserted that the trial court erred in failing to suppress evidence obtained from a wiretap secured through affidavits drafted by DEA Special Agent Lee Lucas that contained material misrepresentations and omissions.  It appears that substantially the same misstatements are alleged as the basis for relief in the presently pending motion.  The Eleventh Circuit upheld the district court's decision to deny the motion to suppress and specifically found that even assuming that the challenged statements made by Agent Lucas in the affidavits submitted in support of the wiretap applications were deliberately false, there was an ample showing of probable cause in the affidavits to support the issuance of the wiretaps.  *United States v. Novaton*, 271 F. 3d 968, 987-988 (11th Cir.

2001), *cert. denied,* 537 U.S. 1031 (2002).  This circuit has made clear that once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under § 2255.  *United States v. Nyhuis*, 211 F. 3d 1340, 1343 (11th Cir. 2000) *quoting United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977).  Thus, Mr. Cuni's instant Motion is barred since the issues raised therein have already been resolved adversely to him by the Eleventh Circuit Court of Appeals.

   To the extent that Mr. Cuni is requesting the Court to conduct an independent investigation for the purpose of determining whether any <u>other</u> misstatements were made, he misperceives the role of the Court-which is to determine the merits of a controversy based upon evidence presented by the parties.  To the extent that he is requesting the Court to investigate whether Agent Lucas perpetrated a fraud on the Court for the general purpose of vindicating the authority of the Court <u>without</u> challenging his underlying conviction, it is not appropriate to seek such relief in his criminal case; and, he does not have standing to initiate such proceedings.  *See generally Whitmore v. Arkansas*, 495 U.S. 149, 160-61 (generalized interest in constitutional governance, *i.e.,* to have Government act in accordance with the law, is not sufficient to establish standing); *Simon v. Eastern Ky. Welfare Rts. Org.*, 426 U.S. 26, 38 (1976) (to establish standing requires a party to show an injury "that is likely to be redressed by a favorable decision."); *Keyter v. 535 Members of 110th Congress*, 2008 WL 2037619, 277 Fed. Appx. 825 (10th Cir. 2008) ("The law is crystal clear: 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'... [A] private citizen has no standing to initiate federal criminal prosecutions."); *Bass Angler Sportsman Society v. U.S. Steel Corp.*, 324 F. Supp. 412, 415 (S.D. Ala. 1971)(dismissing plaintiff's action which sought to recoup penalties for violation of

federal statute, noting that right of action of governmental authorities to enforce statute does not extend to private individuals in criminal action or absent express statutory grant).[1]

Moreover, in this case, even though Mr. Cuni has submitted "new" materials regarding Special Agent Lucas's alleged fraudulent conduct and indictment in other criminal cases in other jurisdictions, he has not offered any new evidence, beyond that which he presented on his direct appeal, that relates specifically to his case. Thus, allegations pertinent to Mr. Cuni's conviction have already been ruled upon by the Eleventh Circuit, and may not be rehashed through the instant motion.

C. Federal Rule of Civil Procedure 60(b)

Alternatively, arguably, the requested relief may be viewed as a Motion for Relief from Judgment or Order pursuant to Federal Rule of Civil Procedure Rule 60(b), which provides, in pertinent part, that a party may be relieved from a final judgment based on newly discovered evidence, 60 (b)(2), or fraud, misrepresentation or misconduct by an opposing party, 60(b)(3). Of course, this Rule only applies in the context of civil cases brought under § 2255. Construing the present motion most liberally, even though it was not filed in one of his prior § 2255 cases, Mr. Cuni may be seeking to have this court revisit one of his prior § 2255 motions based upon the "new" evidence of the alleged fraud perpetrated against the court. However, Rule 60 requires that a motion brought under sections (2) or (3) be made no more than one year after the entry of the judgment

---

[1] Nothing in this Report and Recommendation should be construed to imply that the undersigned condones any of the allegedly criminal activities or false statements made by Agent Lucas. However, he is presently facing criminal prosecution for such activities in another District, and the United States Department of Justice is capable of investigating and exercising its discretion to determine whether a similar prosecution should be instituted in this District.

or order or the date of the proceeding.  Thus, Mr. Cuni's Motion, viewed for purposes of this analysis as a Rule 60 motion, is untimely because it was filed well beyond the one year time limit set forth in that Rule.  *Galatolo v. United States*, 196 Fed. Appx. 854 (11th Cir. 2006).

Also, although Rule 60 is a rule of civil procedure, generally motions brought under this Rule are subject to the restrictions set forth in AEDPA to the extent that they seek to attack the validity of an underlying criminal conviction and add a new ground for relief, rather than attacking the integrity of previous § 2255 proceedings.  *United States v. Terrell*, 1451 Fed. Appx. 849 (11th Cir. 2005) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005) and applying holding to § 2255 context).  While there is an exception to the AEDPA restrictions as applied to certain Rule 60(b) Motions where fraud is alleged, that exception only applies when it is alleged that the fraud perpetrated on the federal court "resulted in the denial of federal habeas relief, not where the fraud was perpetrated on the trial court." *El-Amin v. U.S.*, 172 Fed. Appx. 942 (11th Cir. 2006) (*citing Gonzalez v. Sec'y for Dep't of Corrections*, 366 F.3d 1253, 1278 (11th Cir. 2004) (*en banc), aff'd on other ground sub nom*. *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).  In this case, Mr. Cuni does not argue that the denial of his earlier habeas petitions were the result of fraud, but rather asserts that the information in the affidavits submitted to obtain the wiretaps used as evidence against Mr. Cuni at the trial stage of this proceeding was fraudulent.  Thus, the fraud exception limiting AEDPA's application to Rule 60 motions does not apply to the instant motion.

Further, the undersigned notes that Mr. Cuni's argument seemingly is without substantive merit, in any event.  In particular, the Defendant has not asserted that the evidence presented at trial was fraudulent, rather argues that information used to secure

the wiretaps for the investigation which ultimately produced incriminating evidence was fraudulent.  Thus, even under the Defendant's analysis and version of the facts, the evidence at trial secured Mr. Cuni's conviction was not fraudulent, and thus no judgment was obtained through a fraud upon the court.

### III.     CONCLUSION

Therefore, based on a review of the record as a whole, it is hereby

**RECOMMENDED** that Defendant Oscar Cuni's Motion to Investigate (DE # 1824) be **DISMISSED** for lack of jurisdiction.

The parties will have ten days from the date of service of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on July 28, 2009.

*[signature]*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE